The judgment of the court was pronounced by
Slidell, J.
The defendant was the debtor of D. C. Sittig; and the controversy presented in this cause is, whether she shall pay the debt to Mrs. Sittig, who claims under an assignment of the debt made to her by her husband, or to Hinckly, a judgment creditor of Sittig, who has seized the debt under execution and garnisheed Mary Gardner.
The assignment by Sittig to his wife was made under the following circumstances. She held a judgment against him for paraphernal claims, on which there was a balance due of $1003. To satisfy this judgment he transferred to her, by notarial act, a stock of merchandize and the book accounts of his store or mercantile house; the consideration of the sale also being an agreement by her to pay “the balance of purchase money (or privileged debts) due on the aforesaid merchandize, amounting to $3000, as said vendor declares.” These debts are not enumerated. By the same deed, the wife constitutes her husband her agent for the sale of the merchandize and the collection of the accounts. It was also declared to be the intention of the wife, to continue the store or mercantile house for her own benefit, under the name or title it had heretofore borne, namely, that of D. C. Sittig, her husband. At the time of this transfer Sittig was insolvent.
Hinckly charged, that this assignment was simulated, fraudulent and illegal. The jury found a verdict declaring the assignment invalid, and the district judge refused a new trial.
*601 "We think there was no error in this finding. The wife was incompetent to enter into such a contract with her husband; and the instrument, moreover, bears on its face indicia of bad faith. See the case of Spurlock v. Mainers, 1st Ann. 302.
Nor do we find any error in so much of the verdict as recognizes the assignment to Hinckly of the judgment recovered by Gordon against Sittig. It is not pretended that Sittig has paid Gordon, nor that Gordon has made any other assignment of the claims.
It is said, that the debt in controversy is due, not to Sittig but to a commercial firm which carried on business in Sitiig’s name, and in which one Gkoutte was a partner in commendam. The plaintiff, however, in denying the sole ownership of Sittig, is contradicted by her own acts and acknowledgment.
The judgment of the district court is therefore affirmed, with costs.